counsel and expert witnesses. It may be of little force for me here to cite a decision of my own; but in Matter of Board of Water Supply, 62 Misc. Rep. 326, at page 329, 116 N. Y. Supp. 642, at page 645, I gave a like broad meaning to that expression, viz., "The term 'expenses' is of broad meaning and may doubtless cover any necessary expenses except those items (e. g., counsel fees) specifically mentioned and otherwise provided for in the statute," for the act there had used the expression "counsel fees," and, in addition, the general term "expenses." Especially am I led to adopt this construction in view of the settled public policy hereinbefore stated.

Therefore it is my conclusion that, under the special statute here applying, the court has power to grant to the persons to whom awards have been made allowances to reimburse them for their necessary actual expenses incurred for counsel and expert witnesss.

[4] The affidavits submitted manifest that all the counsel have labored diligently and efficiently in the case, and that its trial before the commissioners of appraisement has involved many difficult and unusual questions, both of fact and law. Indeed, for unremitting application to the work, and at the same time not overdoing it, this commission and the counsel upon both sides have made a most enviable record, one which, at least in my experience, professional and official, has never before been equaled. Upon the merits, therefore, I am sure that the case is a proper one, the power existing, for the court to make such allowances liberally; and this I do not understand the learned counsel for the park commissioners to question.

I do not here actually make the allowances, because I wish first to be advised whether or not the counsel for the park commissioners considers that, in the view of the statute here taken, the court should also fix the compensation of the attorney and counsel for those commissioners, as was done in the Rye Park matter.

---

### KENNEDY v. BENSON.

(Supreme Court, Appellate Term, Second Department. December 17, 1913.)

HUSBAND AND WIFE (§ 19*)—LIABILITY OF HUSBAND FOR SERVICES RENDERED WIFE.

A husband is not liable to a surgeon who operated on his wife, where the wife did not request the operation, but only passively acquiesced in it, and no person having any power of agency for the husband requested or authorized it.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 109, 121–138, 142, 146, 322; Dec. Dig. § 19.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by James C. Kennedy against Beverly D. Benson. From a judgment for defendant, plaintiff appeals. Affirmed.

The plaintiff, a physician and surgeon, sued the defendant for professional services, to wit, a surgical operation performed by plaintiff on defendant's wife, while defendant was temporarily away from the city.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The opinion of Lucien S. Bayliss, as justice of the Municipal Court, is as follows:

It is evident from the testimony of the son of the defendant that the defendant's wife in no sense requested the plaintiff to perform the operation for which compensation is herein sought, and that the operation was made possible by what at the most can be found to be passivity and nonresistance on her part. No agency is shown in any other members of the family sufficient to bind the defendant for such services.

No question has been raised as to the reasonableness of the charge made by the plaintiff, nor as to the professional skill and ability exercised by him in the operation, and while there is no question but that the plaintiff should be paid therefor, we feel that he has not sustained the burden of proof which is upon him herein.

Argued December term, 1913, before MADDOX, JAYCOX, and ASPINALL, JJ.

Daniel A. Boyle, of New York City, for appellant.
William Van Wyck, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs, without opinion by the Appellate Term. All concur.

---

(83 Misc. Rep. 84.)

### HERSHKOPF v. KACZER.

(Supreme Court, Appellate Term, First Department. December 18, 1913.)

1. JUDGMENT (§ 715*)—CONCLUSIVENESS—MATTERS CONCLUDED.

In an action to dispossess defendant for nonpayment of rent, a judgment in a similar proceeding between the same parties, holding that, under the facts there presented, plaintiff was estopped to claim that he had not assigned his lease to defendant's vendor, is not an adjudication of whether the lease executed to defendant's vendor was an assignment of the original lease or a sublease.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1244–1246; Dec. Dig. § 715.*]

2. LANDLORD AND TENANT (§ 308*)—ACTIONS TO DISPOSSESS—EVIDENCE—ADMISSIBILITY.

In an action to dispossess a tenant, where evidence of payment of rent was offered solely to prove occupancy, testimony of defendant of the reason for the payment is immaterial.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1314–1316; Dec. Dig. § 308.*]

3. LANDLORD AND TENANT (§ 79*)—ASSIGNMENTS—WHAT CONSTITUTES.

Where defendant's vendor agreed to pay plaintiff, himself a lessee, as landlord, a stipulated rent, a lease executed by plaintiff to defendant's vendor must be construed as a sublease, and not an assignment.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 235, 244–253; Dec. Dig. § 79.*]

Whitaker, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan.

Action by Adolph Hershkopf against Sigmund Kaczer. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes